```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            ASHEVILLE DIVISION
            Civil No. 1:11-cv-15
```

SYNOVUS BANK,                      )
                                   )
       Plaintiff,              )
                                   )
vs.                                )
                                   )      **JUDGMENT**
PISGAH PROPERTY SOLUTIONS,         )
L.L.C. and GEORGE M. GABLER,       )
                                   )
       Defendants.             )
                                   )

    THIS MATTER is before the undersigned on a Motion for Entry of Default Judgment by Plaintiff Synovus Bank ("Bank") against Defendants Pisgah Property Solutions, L.L.C. and George M. Gabler ("Defendants"). After considering the Motion and related documents and reviewing the Court file, it appears that:

    The Bank filed its Complaint and Summonses were issued on January 26, 2011, Defendants were each and both served on January 31, 2011, and Defendants failed to plead or otherwise defend. Default was therefore entered on April 4, 2011, and a Default Judgment was entered on June 28, 2011.

    The Judgment was later vacated, the Bank was given leave to file an Amended Complaint, and that Amended Complaint was filed on July 13, 2012.

    On December 13, 2012, the Court issued a Show Cause Order. The Bank filed a Motion for Entry of Default and a Response to Show Cause Order the following day.

Defendants failed to file a response to the Amended Complaint and therefore default was entered on January 4, 2013 pursuant to Rule 55(a) of the Rules of Civil Procedure. On January 7, 2013, the Court discharged its Show Cause Order such that this matter may proceed to judgment.

Defendants are not infants and otherwise are not incompetent.

The cause of action against Defendants consists of a breach of contract, namely the failure of Defendants to pay the Bank the sum of Four Hundred Twenty-Nine Thousand Six Hundred Seventy-Five and 42/100 Dollars ($429,675.42) due under the Note and Guaranty together with interest and costs.

The Bank's claim is for a sum certain, and it has submitted an Affidavit of Jerald Slaughter of the indebtedness within the meaning of Rule 55(b)(1) of the Rules of Civil Procedure.

The Bank is therefore entitled to the entry of a Default Judgment.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1. That the Bank's Motion for Entry of Default Judgment is **GRANTED** and judgment is hereby **ENTERED** against Defendants Pisgah Property Solutions, L.L.C. and George M. Gabler;

2. That the Bank have and recover of Defendants Pisgah Property Solutions, L.L.C. and George M. Gabler jointly

and severally:

a) The sum of Four Hundred Twenty-Nine Thousand Six Hundred Seventy-Five and 42/100 Dollars ($429,675.42);

b) interest on said amount as calculated from the date of this judgment pursuant to 28 U.S.C. 1961; and,

c) the costs of this action in the amount of Three Hundred Fifty and 00/100 Dollars ($350.00).

Signed: January 14, 2013

Frank G. Johns, Clerk
United States District Court